COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-01-327-CV
 
PAUL REED AND DEBORAH MARINO                                     APPELLANTS 
 
V.
 
BARRY KAGAN                                                                        APPELLEE 
 
------------
 
FROM 
COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION


 ON REHEARING
 
------------
        After reviewing Appellee Barry Kagan’s motion for rehearing, we deny the 
motion. We withdraw our August 7, 2003 opinion and judgment and substitute 
the following. 
        This case involves the dispute over a contract for the sale of a boat. 
Appellee Barry Kagan (“Appellee”) sued Appellants Paul Reed and Deborah 
Marino (collectively “Appellants”) when they refused to complete the purchase 
of the boat in accordance with the contract. Appellants asserted several 
affirmative defenses and counterclaims. Appellee attempted to negate those 
defenses and claims by filing a motion for partial summary judgment, which the 
trial court granted. After a bench trial, the court found in favor of Appellee for 
actual damages and attorney’s fees. We affirm in part and reverse in part. 
I. FACTUAL SUMMARY
        Appellants stated in separate affidavits attached to their response to 
Appellee’s motion for partial summary judgment that on September 25, 1998, 
they were at Lakeview Marina with some friends. While there, Reed noticed 
Appellee’s boat, which was docked at the fuel pump. After Reed expressed 
admiration for the boat, Appellee stated that he had another boat for sale and 
asked if Reed had any interest in looking at it. Answering affirmatively, Reed 
followed Appellee to the other boat, which is the subject of this lawsuit. 
Appellee stated that the sales price for the boat was $67,500. While Appellee 
and Reed were on the boat, Larry Buck, the owner of the marina, joined them. 
Buck asked Appellee, “Where’s my sign?” and Appellee pulled from a storage 
locker a sign stating that the boat was “For Sale by Chandry Marine.” 
        According to his affidavit, Reed told the other men that he was going to 
get his wife, Marino, to look at the boat. After Appellants had looked at the 
boat and as they were walking back to meet up with their friends, Buck 
approached them and stated that he could get the boat for them for a lower 
price of $57,500. After further discussion, Buck stated that if Appellants 
wanted to inspect the boat, then they needed to give him a $5,000 check and 
a written proposal. Both affidavits stated that Buck emphasized that they could 
not take the boat out on the water until he received the check and proposal. 
Buck assured Appellants that he would not cash the check but that he needed 
to present the check with the proposal. 
        The affidavits further stated that Appellants went with Buck to his office 
at the marina. During their conversation about the boat, Appellants told Buck 
that “this was just a proposal until the boat was appraised.” Buck assured 
them that the document was just a proposal. Both Appellants expressed a 
desire to inspect the boat to ensure that it was worth the price. Buck assured 
them that the boat was worth the price. 
        The proposal was written on a form used by Chandry Marine for creating 
work orders and invoices. In addition to the parties’ signatures, sales price, and 
other miscellaneous provisions, the handwritten document contained a provision 
that read “Purchaser to pay for Insurance, Survey and Sales Tax.” According 
to Appellants’ expert, a survey is an evaluation of a boat and a written opinion 
as to the condition and value of the boat. It is similar to an appraisal. The 
document also provided that the boat was “sold in as is condition.” 
        After the proposal was signed by Appellants, Buck excused himself to 
deliver the document to Appellee, who was still at the marina. When Buck 
returned, the parties discussed the hiring of an inspector to check out the boat, 
and Buck agreed to give the inspector the boat keys. 
        The inspector found problems with the boat and reported that the boat’s 
fair market value was less than the sales price. Appellants then refused to 
purchase the boat, and Appellee sued them for breach of contract. After filing 
an answer, Appellants eventually filed their first amended answer and second 
amended counterclaim, which pleaded a general denial of all Appellee’s claims, 
specific denials of Appellee’s capacity to sue, the existence of a contract, and 
failure of a condition precedent and affirmative defenses of fraud in the 
inducement, ambiguity, no acceptance, no mutual assent, mitigation of 
damages, measure of damages, and material alteration. Appellants’ 
counterclaim portion included a request for declaratory judgment regarding the 
rights, status, and legal relations of the parties, Appellee’s capacity to sue, the 
existence of a contract, that monies paid be returned, and for attorney’s fees. 
The counterclaim also included causes of action against Appellee for breach of 
contract, conversion, deceptive trade practices, and common law fraud. This 
amended pleading was filed seven days before the hearing on Appellee’s motion 
for partial summary judgment. 
        Appellee filed a motion for partial summary judgment against Appellants 
arguing that their affirmative defenses of capacity to sue, failure of a condition 
precedent, and fraud in the inducement, as well as counterclaims for 
declaratory judgment, conversion, and deceptive trade practices should be 
denied as a matter of law. The trial court granted the motion and ordered that 
Appellants take nothing with respect to their counterclaims for declaratory 
judgment, conversion, and deceptive trade practices. Furthermore, the trial 
court denied Appellants’ affirmative defenses pertaining to Appellee’s capacity 
to sue, failure of a condition precedent, and fraud in the inducement. 
        The case was tried before the court. Appellants attempted to introduce 
evidence on their affirmative defenses and counterclaims including their claim 
for common law fraud, but upon objection, the trial court excluded the 
evidence. Appellants, however, offered several bills of exception on the 
evidence excluded. The trial court ordered that Appellee recover from 
Appellants actual damages of $7,500, interest of $1,536.58, and attorney’s 
fees of $40,891.04. 
        Appellants timely filed a request for findings of facts and conclusions of 
law and a motion for new trial. The trial court filed the findings of fact and 
conclusions of law, and the motion for new trial was overruled by operation of 
law.
II. LEGAL ANALYSIS
        Appellants raise two interrelated points. First, they argue that the trial 
court erroneously granted Appellee’s motion for partial summary judgment on 
Appellants’ affirmative defenses, counterclaims, and motion for declaratory 
judgment, and second, they argue that the trial court abused its discretion in 
excluding Appellants’ evidence supporting those defenses and claims. 
        A. Standard of Review 
        In a summary judgment case, the issue on appeal is whether the movant 
met his summary judgment burden by establishing that no genuine issue of 
material fact exists and that the movant is entitled to judgment as a matter of 
law.
 

 The burden of proof is on the movant, and all doubts about the existence 
of a genuine issue of material fact are resolved against the movant.
 

 Therefore, 
we must view the evidence and its reasonable inferences in the light most
favorable to the nonmovant.
 

 
        In deciding whether there is a material fact issue precluding summary 
judgment, all conflicts in the evidence are disregarded and the evidence 
favorable to the nonmovant is accepted as true. 
 

 Evidence that favors the 
movant's position will not be considered unless it is uncontroverted.
 

 
        The summary judgment will be affirmed only if the record establishes that 
the movant has conclusively proved all essential elements of the movant's 
cause of action or defense as a matter of law. 
 

 A plaintiff is entitled to 
summary judgment if the summary judgment evidence establishes, as a matter
of law, that at least one element for each affirmative defense or counterclaim
alleged by a defendant cannot be established.
 


        B. Common Law Fraud 
        In their first point, Appellants argue that they timely filed a second 
amended counterclaim alleging a cause of action for common law fraud. They 
contend that Appellee’s motion for partial summary judgment failed to address 
this cause of action and that evidence relevant to the common law fraud claim 
should not have been excluded by the trial court. We agree. 
        Summary judgment cannot be granted except on the grounds expressly 
presented in the motion. 
 

 If the nonmovant timely amends its petition to add 
a new cause of action after the movant has filed its motion for summary
judgment, the movant must amend the motion to negate the newly pleaded
theory.
 

 A party can amend its pleadings without obtaining leave from the trial 
court as long as the amendment is filed seven or more days before trial.
 

 For 
purposes of Rule 63, a summary judgment proceeding is considered a trial.
 


        Appellants filed their “FIRST AMENDED ANSWER AND SECOND 
AMENDED COUNTERCLAIM” on May 18, 2001. The hearing was held on May 
25, 2001. Accordingly, the pleading was filed seven days before the hearing. 
 

 
We hold that Appellants’ first amended answer and second amended
counterclaim were timely filed and that Appellee’s motion did not address the
newly pleaded claim for common law fraud.
 

 We sustain Appellants’ first point 
to the extent Appellants argue that their counterclaim for common law fraud
was not addressed in the trial court’s partial summary judgment.
        C. Capacity 
        Appellants alleged in their original answer that Appellee did not have the 
capacity to sue in this case. Appellee argued in his motion for partial summary 
judgment that because both Appellants admitted that he was the seller of the 
boat, no genuine issue of material fact exists as to his capacity as a party to 
the contract, and, therefore, he has the right to sue on the contract. We 
agree.
 

 We overrule both of Appellants’ points to the extent the points pertain 
to Appellee’s capacity to sue on the contract.
        D. Condition Precedent 
        Appellants next argue that the trial court incorrectly granted Appellee’s 
motion for partial summary judgment on their defense that alleged the failure 
of a condition precedent. Specifically, Appellants argue that Buck orally agreed 
that if the boat did not appraise for the sales price, then they would not have 
to follow through with the contract. They argue that an ambiguity exists as to 
the meaning or purpose of the survey provision because the contract also 
contains an “as is” warranty modification. Consequently, according to 
Appellants, parol evidence is admissible to explain the meaning of the survey 
provision, which they allege was the basis for the condition precedent. We 
disagree.
        In construing a written contract, the primary concern of the court is to 
ascertain the true intentions of the parties as expressed in the instrument. 
 

 
The parties’ intentions are determined by reference to the words used in the
contract.
 

 Every phrase, word, and provision should be harmonized so that 
none will be rendered meaningless.
 

 No single provision controls to the 
exclusion of another; instead, each must be considered with reference to the
whole document.
 


        Contracts that can be given a definite legal meaning are not ambiguous. 
 

 
However, if a contract’s meaning is uncertain and doubtful or if it is susceptible
to more than one meaning, then the contract is ambiguous.
 

 The 
determination that a contract is ambiguous is a question of law for the court to
decide by reviewing the whole contract in the light of the circumstances
present when the contract was first executed.
 


        The document in this case states that the boat is sold as is. It also 
provides that the purchaser is to pay for any insurance, survey, and sales tax. 
Appellants argue that an ambiguity arises because of the conflict between the 
meaning of this latter provision and the warranty modification. They argue that 
the survey clause can only be a condition precedent providing that if the boat 
fails the survey, then the purchasers are not required to buy it. 
        “Conditions precedent to an obligation to perform are those acts or 
events, which occur subsequently to the making of a contract, that must occur 
before there is a right to immediate performance and before there is a breach 
of contractual duty.” 
 

 Terms such as “if,” “provided that,” “on condition 
that,” or other limiting phrases “usually connote an intent for a condition rather
than a promise.”
 

 If a contract fails to utilize one of the above conditional 
provisos, a determination of whether a contractual provision is a condition is
made by determining the parties’ intent and by reviewing the entire contract.
 

 
“[W]here the intent of the parties is doubtful or where a condition would impose
an absurd or impossible result, then the agreement will be interpreted as
creating a covenant rather than a condition.”
 

 Courts do not favor forfeitures 
and prefer to interpret contractual provisions as covenants instead of
conditions.
 


        The contract provision in this case merely states that the purchaser is to 
pay for a survey. No conditional language is used to limit the effect of the 
contract. Appellee’s interpretation of the provision is that if the purchasers 
want a survey then the purchasers must pay for the survey. On the other hand, 
Appellants’ interpretation results in the forfeiture of the contract. 
 

 We hold 
that the survey provision is a covenant and that the contract clearly and
unambiguously provides that if the purchaser wants a survey, then the
purchaser must pay for the cost of the survey.
 

 We hold that the trial court 
did not err when it granted Appellee’s partial summary judgment on Appellants’
condition precedent defense, and we overrule Appellants’ points to that extent.
        E. Fraud in the Inducement 
        Appellants argue that Appellee failed to show as a matter of law that 
there was no fraud in the inducement. The trial court’s partial summary 
judgment on Appellants’ fraud in the inducement defense will be upheld only 
if Appellee negated at least one element of the claim. 
 


        A party claiming fraud in the inducement must demonstrate (1) a material 
misrepresentation (2) that was false, (3) that was either known to be false 
when made or was asserted without knowledge of the truth, (4) that was 
intended to be acted upon, (5) that was acted upon, and (6) that caused 
injury.
 

 Appellee argued in his motion for partial summary judgment that 
Appellants were precluded as a matter of law from asserting their affirmative
defense of fraud in the inducement. Appellee argued that an “as is” contract
provision obviates a fraud in the inducement claim, citing Prudential Insurance
Company of America v. Jefferson Associates.
 


        Contrary to Appellee’s interpretation, Jefferson Associates states that a 
buyer is not bound by a purchase agreement that contains an “as is” warranty 
modification when the buyer was initially induced to execute the agreement by 
the seller’s fraudulent misrepresentation of the item to be purchased. 
 

 In other 
words, a seller cannot assure a buyer of the condition of the item to be
purchased to obtain the buyer’s agreement to purchase the item “as is,” and
then disavow the assurance which procured the “as is” agreement.
 


        Appellee offered no evidence other than the contract to support this 
argument. Appellee failed to negate at least one element of Appellants’ fraud 
in the inducement affirmative defense; thus he failed to meet his summary 
judgment burden. 
 

 We sustain Appellants’ points as to the trial court’s denial 
of their fraud in the inducement claim.
        F. Declaratory Judgment 
        Appellants next argue that their motion for declaratory judgment raised 
issues that were separate and distinct from the issues raised by Appellee’s 
original petition. Appellee argued in his motion for partial summary judgment 
that Appellants’ request for declaratory relief presented no new issue to the trial 
court and, therefore, should be denied. The trial court ordered that Appellants 
take nothing on their request for declaratory relief. 
        The validity of a contract, contract construction, and the determination 
of a party’s rights under the contract are all issues properly resolved by a 
declaratory judgment. 
 

 However, a declaratory judgment is not available to 
resolve issues already pending before the same court.
 

 Therefore, the 
requested declarations cannot merely duplicate a party’s denial of claims or
assertions of affirmative defenses set forth in the same pleading or a prior
pleading.
 


         Appellee’s petition alleged in his sole cause of action that Appellants 
failed to pay the balance due on the contract, and, therefore, they breached 
their contract with him. In the answer section of their first amended answer 
and second amended counterclaim, Appellants specifically denied Appellee’s 
capacity to sue, the existence of a contract, and that a condition precedent was 
met. Appellants further pleaded the affirmative defenses of fraud in the 
inducement, ambiguity, no acceptance, no mutual assent, mitigation of 
damages, measure of damages, and material alteration. Under the counterclaim 
section of the document, Appellants requested a declaratory judgment 
determining whether Appellee possessed the capacity to sue on the contract, 
whether a contract existed, whether a condition precedent had failed, and 
whether the deposit should be returned. Additionally, Appellants pleaded 
causes of action for breach of contract, conversion, deceptive trade practices, 
and common law fraud. 
        Because in their answer Appellants pleaded each issue presented in their 
request for declaratory judgment, the requested declarations were already 
before the trial court. 
 

 As we have previously stated, “[w]e believe it 
immaterial whether the duplicative [specific denials,] affirmative defenses and
counterclaims are in the same pleading or in a previous pleading. Either way,
the declaratory-judgment counterclaim presents no new controversies.”
 

 We 
overrule both of Appellants’ points to the extent the points relate to their
motion for declaratory judgment.
G. Deceptive Trade Practices and Conversion
        Appellants next argue that the trial court erred when it ordered the take-nothing judgment on their deceptive trade practices and conversion claims. 
Appellee argued in his motion for partial summary judgment that the statute of 
limitations barred both of these claims as a matter of law. On appeal, 
Appellants claim that their deceptive trade practices and conversion 
counterclaims were based on the same transaction and occurrence as 
Appellee’s breach of contract claim and, therefore, are not barred by the statute 
of limitations. We agree. 
        A counterclaim is timely filed if it meets the requirements of section 
16.069 of the Texas Civil Practice and Remedies Code. 
 

 The section provides 
that
(a) If a counterclaim . . . arises out of the same transaction or
occurrence that is the basis of an action, a party to the action may
file the counterclaim . . . even though as a separate action it would
be barred by limitation on the date the party’s answer is required.
 
(b) The counterclaim . . . must be filed not later than the 30th day 
after the date on which the party’s answer is required. 
 



Section 16.068 of the Texas Civil Practice and Remedies Code states:
If a filed pleading relates to a . . . counterclaim . . . that is not
subject to a plea of limitation when the pleading is filed, a
subsequent amendment or supplement to the pleading that changes
the facts or grounds of liability or defense is not subject to a plea
of limitation unless the amendment or supplement is wholly based
on a new, distinct, or different transaction or occurrence.




        The contract was dated September 23, 1998. Appellee filed his original 
petition on January 28, 1999. Appellants filed their original answer and motion 
for declaratory judgment on February 17, 1999. The statute of limitations for 
claims under the Deceptive Trade Practices Act and for conversion is two 
years.
 

 All of the causes of action before the trial court arose out of the same 
transaction, which was the alleged sale of Appellee’s boat to Appellants. We
therefore hold that the trial court erred when it granted Appellee partial
summary judgment on Appellants’ deceptive trade practices and conversion
counterclaims, and we sustain Appellants’ points on these grounds. 
III. CONCLUSION
        We reverse the trial court’s final judgment. We reverse that portion of 
the trial court’s partial summary judgment that holds Appellants take nothing 
on their causes of action for conversion and deceptive trade practices. We 
further reverse that portion of the trial court’s partial summary judgment that 
denies Appellant’s affirmative defense of fraud in the inducement. 
        We affirm that portion of the trial court’s partial summary judgment that 
holds in favor of Appellee on Appellants’ declaratory judgment counterclaim, 
and denies Appellants’ affirmative defenses of Appellee’s capacity to sue and 
the failure of a condition precedent. 
        We remand to the trial court the breach of contract cause of action, 
including Appellants’ affirmative defense of fraud in the inducement and 
Appellants’ causes of action for conversion, deceptive trade practices, and 
common law fraud. 
 
 
                                                                  LEE ANN DAUPHINOT
                                                                  JUSTICE
 
PANEL A:   DAY, LIVINGSTON, and DAUPHINOT, JJ.
DELIVERED: October 23, 2003